David S. Stone
Robert A. Magnanini
Jason C. Spiro
**STONE & MAGNANINI LLP**
150 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
(973) 218-1111
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FOOTE LAW FIRM, P.C., | ) CIVIL ACTION NO.: |
| Petitioner, | ) |
| Against | ) **PETITION TO CONFIRM** |
| U.S. PRECIOUS METALS, Inc., | ) **ARBITRATION AWARD** |
| Respondent. | ) |

Petitioner, Foote Law Firm, P.C. ("Foote" or "Petitioner"), moves the Court for an Order

and entry of judgment, pursuant to Sections 9 and 13 of Title 9 of the United States Code,

confirming the Award of the Arbitrator ("Award") in the matter of the arbitration between Foote,

and U.S. Precious Metals, Inc., respondent ("U.S. Precious Metals" or "Respondent"), made on

August 20, 2012, for the reasons set forth below:

**INTRODUCTION**

1.      Petitioner brings this action to resolve claims for legal fees arising under its

August 16, 2010 Agreement ("the Agreement") with Respondent.  A copy of the Agreement is

attached, marked Exhibit "A" and made a part hereof.

2.      Pursuant to the Agreement, Petitioner initiated arbitration with the American Arbitration Association ("AAA"), Commercial Arbitration Tribunal.

3.      After both parties fully participated in the Arbitration, on August 20, 2012, the Arbitrator entered an award in favor of Petitioner in the amount of $87,231.37 plus statutory interest and fees.  A copy of the Award of Arbitrator is attached, marked Exhibit "B" and made a part hereof.

## PARTIES AND JURISDICTION

4.      At all relevant times, Petitioner, Foote Law Firm, P.C., a law firm, was and still is a Professional Corporation duly organized and existing under the laws of the State of New York, with its principal office in New York County, New York.

5.      Respondent, U.S. Precious Metals, is a corporation duly organized and existing under the laws of the State of Delaware, with its principal office in Marlboro, Monmouth County, New Jersey.

6.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, providing for diversity jurisdiction.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Respondent's principal office is in Monmouth County.

## BACKGROUND

8.      On August 16, 2010, Petitioner and Respondent entered into a written agreement setting forth the terms of Petitioner's legal representation of Respondent.  Pursuant to the

Agreement, Petitioner and Respondent agreed to arbitrate any claims against each other according to the rules of the AAA.

9.      In accordance with the Agreement, on November 21, 2011, Petitioner initiated arbitration with the AAA to resolve Petitioner's claim that Respondent breached its contractual duty to pay its legal fees arising from Petitioner's representation of Respondent. A copy of Petitioner's Demand for Arbitration is attached, marked Exhibit "C" and made a part hereof.

10.     Both parties participated in the arbitration before the AAA Commercial Arbitration Tribunal. The parties agreed to submit their cases by sworn affidavits. Foote provided numerous exhibits in addition to a sworn affidavit. Respondent submitted an unsworn Statement of Position.

11.     On August 20, 2012, the Arbitrator issued the Award in favor of Petitioner. The Arbitrator awarded Petitioner "the sum of $87,231.37 . . . plus statutory interest, thereon, from the date of Claimant's filing of this Arbitration until paid in full." *See* Exhibit B.

12.     The Award further provided that Respondent was required to reimburse Petitioner $2,636.03, representing that portion of the AAA's administrative fees and the Arbitrator's compensation in excess of the apportioned costs that Petitioner previously had incurred.

13.     Respondent has not paid any portion of the award, interest, or administrative fees, and, therefore, failed to comply with and satisfy the Award.

14.     Rule 47(c) of the AAA Commercial Arbitration Rules sets forth that "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests:

(a)     An Order confirming the arbitration award entered on August 20, 2012;

(b)     Entry of a judgment on the arbitration award, together with per diem interest from the date of the filing of the arbitration, by the Clerk which may be enforced as any other judgment;

(c)     Costs, attorneys' fees, and interest thereon, as provided by law; and

(d)     Such other and further relief as the Court deems equitable.

Dated this 30th day of November, 2012

Respectfully submitted,

By:  /s/ Jason C. Spiro
Jason C. Spiro
STONE & MAGNANINI LLP
150 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Telephone: (973) 218-1111
Facsimile: (973-218-1106)

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify, pursuant to L. Civ. R. 11.2, that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  November  30, 2012

By:  /s/ Jason C. Spiro
Jason C. Spiro
